**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THOMAS V. GIRARDI; GIRARDI & KEESE; WALTER J. LACK; PAUL A. TRAINA; SEAN A. TOPP; ENGSTROM, LIPSCOMB & LACK,

*Respondents,*

SONIA EDUARDA FRANCO FRANCO; et al.,

*Plaintiffs-Appellants,*

v.

DOW CHEMICAL COMPANY; et al.,
*Defendants-Appellees.*

No. 03-57038

D.C. No.
CV 03-05094 NM

ORDER

Filed June 9, 2008

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt and Marsha S. Berzon, Circuit Judges.

## ORDER

1. On March 21, 2008, the Report and Recommendation of the Special Master regarding fees and expenses to be paid by way of sanctions to Defendants-Appellees by Respondents was filed with this court and served on the parties. The Defendants-Appellees and Respondents were afforded time to object to the Report, and no objections were filed as to amounts of the recommended sanctions. Given that the court has some question as to whether the amount of the sanctions is too high or too low with respect to certain of the respondents and given that additional facts may be established dur-

ing the course of disciplinary proceedings that may affect the court's determinations in this and other respects, the court will not decide whether to adopt or modify the findings and recommendations of the Report until after the conclusion of the disciplinary proceedings.

2.   On March 21, 2008, the Special Master also filed a Supplemental Report and Recommendation under seal, regarding discipline under Federal Rule of Appellate Procedure 46. Pursuant to the Special Master's Order filed on October 17, 2006, Respondents were entitled to request further proceedings should they not accept the disciplinary measures recommended in the Supplemental Report. The Special Master provided this opportunity for further disciplinary proceedings in response to Respondents' motions to disqualify Defendants from participating in the Special Master Proceedings.

Because Respondents have objected to the proposed discipline, and to the findings of the Report and Recommendations of the Special Master insofar as they were adopted in the Supplemental Report, the Special Master shall hold further proceedings as to what discipline, if any, is appropriate under Rule 46 or any other applicable rule or statute. An independent prosecutor will be appointed by separate order. The independent prosecutor shall present evidence relevant to determining whether discipline should be imposed and, if so, the appropriate level of such discipline. The independent prosecutor shall also recommend appropriate disciplinary measures, if any, in light of the evidence adduced. Findings in the Report and Recommendations of the Special Master not heretofore objected to by Respondents shall be considered a part of the record and may be taken into account by the independent prosecutor, the Special Master, and the court. In the course of the disciplinary proceedings Respondents shall have the opportunity to adduce relevant evidence and to argue that previously unobjected to findings are insufficient to warrant the imposition of discipline. Both the independent prosecutor and the respondents may call expert witnesses in lawyer disci-

pline. At the conclusion of the proceedings the Special Master shall receive the independent prosecutor's report and recommendations and shall make his own report and recommendations to the court. The court shall then determine what discipline, if any, is appropriate.

3.   The Clerk shall open a disciplinary docket in this matter. All further proceedings involving possible sanctions or discipline, including this order, will be maintained on this new docket. The Clerk shall make a notation on the docket in 03-57038 indicating that all further proceedings involving sanctions or discipline will be maintained on docket 08-80090.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.